IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


DEWAYNE THOMPSON                                          PLAINTIFF

VS.                             CIVIL ACTION NO. 3:05-CV-504BS

MCDONALD TRANSIT ASSOCIATES,
INC. D/B/A JATRAN                                         DEFENDANT


## OPINION AND ORDER

This cause is before the Court on the Motion for Summary Judgment of Defendant McDonald Transit Associates, Inc., filed on May 12, 2005, under docket entry no. 44. Having considered the Motion, Response, Rebuttal and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion is not well taken and should be denied.

### I.  Factual Background and Procedural History

This action arises out of an alleged injury sustained by Plaintiff Dewayne Thompson while boarding a public transit bus operated by Defendant McDonald Transit Associates, Inc. ("McDonald"). Plaintiff alleges that when he attempted to board a JATRAN bus on April 9, 2003, in Jackson, Mississippi, the driver of the bus negligently closed the door on him. As a result of the alleged incident, Plaintiff claims that he suffered injuries to his neck and shoulder.

Believing that JATRAN was a public transportation system owned and operated exclusively by the City of Jackson ("the City"), Plaintiff served a Notice of Claim on the City on March 3, 2004, pursuant to the Mississippi Tort Claims Act ("MTCA" or "Act"), Miss. Code Ann. § 11-46-1 et seq. On September 23, 2004, Plaintiff filed the instant action against the City in the First Judicial District of the Circuit Court of Hinds County ("state court"). The City was the only defendant named in the original Complaint.

Through the course of discovery in state court, Plaintiff learned that the City was not responsible for the operation of JATRAN, but that Defendant McDonald actually operates and maintains the public transit system. Under the terms of an Advisory Management Agreement ("Management Agreement") executed by the City and McDonald, McDonald receives a flat fee to operate and maintain JATRAN. Pursuant to the Management Agreement, McDonald is charged with furnishing, *inter alia*, a general manager who is responsible for the day-to-day management of the transit system.[1] Although the

---

[1] McDonald contends that it only functions as an advisor to the City and that, pursuant to the Management Agreement, a Mississippi corporation called "Jackson Public Transportation Company, Inc." ("JPTC") was formed "to employ all employees necessary to maintain and operate the transportation system." See Defendant's Memorandum in Support of Motion for Summary Judgment, p. 6 (citing Exhibit "F"). Although there is no evidence in the record that JPTC exists to furnish JATRAN employees, the Court assumes that this corporation was formed and does in fact provide employees for JATRAN, save the management level employees employed by McDonald. Of course, the question of what entity employs JATRAN employees is not an issue before the Court today. However, it is an issue that could significantly impact this litigation in the

City receives all revenue generated from the operation of JATRAN under the agreement, it reimburses McDonald for all operating expenses. The City also has substantial oversight over the operation of JATRAN, including approval of the budget and all contracts related to JATRAN. The Management Agreement further provides that the City is responsible for furnishing all facilities and equipment necessary to operate the transit system. <u>See</u> Exhibit "F" to Defendant's Motion for Summary Judgment.

Upon discovering that McDonald was the operator of JATRAN, Plaintiff filed an Amended Complaint in state court on July 15, 2005, dropping the City as a party and naming McDonald as the lone defendant. On August 15, 2005, McDonald removed the case to this Court, on the basis of diversity of citizenship jurisdiction.[2] McDonald now moves for summary judgment, contending that the one-year statute of limitation of the MTCA, which McDonald urges is applicable to Plaintiff's claim, has expired and precludes recovery by Plaintiff. The Court has jurisdiction over this case and will now consider McDonald's Motion for Summary Judgment.

## II. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith

---

future.

[2] Plaintiff is a resident of Mississippi while McDonald is incorporated under the laws of the State of Texas.

3

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also, Moore v. Mississippi Valley State Univ., 871 F.2d 545, 549 (5th Cir. 1989); Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.  The movant need not, however, support the motion with materials that negate the op-ponent's claim.  Id.  As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim.  Id. at 323-24.  The non-moving party must then go beyond the pleadings and designate

"specific facts showing that there is a genuine issue for trial."
Id. at 324.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial. National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962).

### III. Analysis

McDonald urges that this action is ripe for dismissal because it is barred by the one-year statute of limitations of the MTCA. This statute of limitations argument, however, is premised on McDonald's belief that it is entitled to the same protections as the City under the MTCA. Thus, before addressing the statute of limitations issue, the Court must first consider the applicability of the MTCA to this case.[3]

The MTCA encompasses torts committed by the "state" or by "political subdivisions" of the state. Miss. Code Ann. § 11-46-5.

---

[3] Whether the MTCA applies to a particular claim is a question of law. Mitchell v. City of Greenville, 846 So.2d 1028 (Miss. 2003).

Although a private, for-profit corporation, McDonald avers that it is nonetheless a "political subdivision" to the extent it operates JATRAN. A "political subdivision" is defined by the Act as:

> any body politic or body corporate other than the state responsible for *governmental activities* only in a geographic areas smaller than that of the state, including, but not limited to, any county, municipality, school district, community hospital . . ., airport authority or *other instrumentality* thereof, whether or not such body or instrumentality thereof has the authority to levy taxes or to sue or be sued in its own name.

Id. at § 11-46-1(i)(emphasis added). McDonald argues that it is an "instrumentality" of the City because it performs a "government activity" through its operation of JATRAN. McDonald reasons that Plaintiff's claims against it are subject to the MTCA in light of the ultimate control the City exerts over the operation of JATRAN.

Although there is a scarce amount of Mississippi caselaw regarding application of the MTCA to private companies, the Supreme Court of Mississippi has considered the applicability of the Act to at least one private, for-profit entity. In Mozingo v. Scharf, 828 So.2d 1246 (Miss. 2002), parents of a minor child brought a medical malpractice suit against an anesthesiologist who was a faculty-physician at the University of Mississippi Medical Center ("UMMC"). Id. at 1249.  In addition to suing the physician, the plaintiff in Mozingo also named as a defendant University Anesthesia Services, PLLC ("UAS"), a privately incorporated medical practice plan of which the physician was a member. Id. The Mozingo court held that

6

UAS did not function as a private entity, but rather as a "political subdivision" and alternatively as an "instrumentality" of the "state" for purposes of the MTCA. Id. at 1254-55. In so holding, the court considered the following circumstances: (1)like all but one department at UMMC, the Department of Anesthesiology created UAS to carry out the mandate of the state legislature to provide medical services to the public; (2) UAS was created for the sole purpose of billing and collecting fees for UMMC faculty-physicians; (3) only UMMC faculty-physicians were members of the entity; (4) the member-physicians were required to practice exclusively at UMMC; (5) the member-physicians were required to join the plan; and (6) UAS was bound by all UMMC guidelines. Id.[4]

Comparing the instant case to Mozingo, there is at least some commonality between McDonald and UAS. For example, just as UAS is bound by UMMC policies and guidelines, McDonald is likewise bound by City policies in its operation of JATRAN. Overall, however, the Court finds little similarity between UAS and McDonald. Unlike UAS,

_____

[4] McDonald relies on Watts v. Tsang, 828 So.2d 785 (Miss. 2002), in arguing that a private corporation can seek protection under the MTCA. The court in Watts, with an almost identical analysis as Mozingo, also found that UAS is a governmental entity under the MTCA. However, UAS was not a defendant in Watts and its status as a protected entity was only discussed in the context of whether one of its member-physicians lost protection under the MTCA by joining the private entity. Thus, the question of whether UAS, itself, could invoke MTCA protection was not squarely before the Mississippi Supreme Court in Watts. Therefore, the Court believes the issue before the Court today is more appropriately analyzed under Mozingo.

McDonald was not created for the sole purpose of fulfilling a state mandated government service. Rather, McDonald was presumably created to be a profitable business for the benefit of its shareholders. Moreover, operation and ownership of JATRAN is likely not McDonald's lone purpose for existence. Considering McDonald is a Texas corporation, the Court presumes that McDonald is involved in other ventures in other states. This capitalistic nature is an overriding consideration that clearly distinguishes McDonald from an entity such as UAS, which merely exists to supplement the salary of UMMC faculty-physicians.

McDonald also points out that the City has significant control over JATRAN and that the City receives all revenue generated by JATRAN. But, McDonald overlooks the fact that it maintains ultimate control over the day-to-day operations of JATRAN, as the general manager of the transit system is a McDonald employee. Also, the City's receipt of revenues is of little significance considering McDonald receives a yearly fee from the City for its services.

After considering the overall nature of the contractual relationship between the City and McDonald, the Court believes that the Mississippi legislature did not intend for the MTCA to extend to a private entity such as McDonald. The Court therefore concludes that McDonald is not protected by the MTCA.

Seeing that the MTCA does not apply to this case, Plaintiff's claims against Defendant are not subject to the one-year statute of

limitations of the Act. Accordingly, the Court must deny the Motion for Summary Judgment of McDonald.

### IV.   Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion for Summary Judgment of Defendant McDonald Transit Associates, Inc.[docket entry no. 44] is hereby denied.

SO ORDERED this the 24th day of July, 2006.


s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE


blj